**Carrie MEEK, et al., Plaintiffs,**

v.

**METROPOLITAN DADE COUNTY, FLORIDA, et al., Defendants.**

**No. 86–1820–CIV.**

United States District Court, S.D. Florida.

July 30, 1991.

Long & Knox, Stephen M. Cody, Miami, Fla., for plaintiffs.

Robert Ginsburg, Miami, Fla., for defendants.

ORDER DENYING PLAINTIFFS' MOTIONS FOR FINAL SUMMARY JUDGMENT, DENYING DEFENDANTS' CROSS MOTION FOR SUMMARY FINAL JUDGMENT, AND DENYING CONSIDERATION OF CLASS CERTIFICATION AS MOOT

JAMES LAWRENCE KING, Chief Judge.

This cause comes before the court on the plaintiffs' motions for final summary judgment, the defendants' cross motion for summary final judgment, and the defendants' withdrawal of their opposition to class certification. On July 26, 1991, at 9:30 a.m., the parties argued their motions at a hearing before the undersigned.

Both the plaintiffs and the defendants have argued to this court that they are entitled to summary judgment, each side claiming that there are no genuine issues of material fact. Upon reviewing the parties' motions, however, the court finds that there are indeed genuine issues of material fact that preclude summary judgment for any of the parties in this case.

SUMMARY JUDGMENT (HISPANICS)

In addressing the cross motions for summary judgment insofar as they relate to the claims of the Hispanic plaintiffs, the court finds that there is indeed a genuine issue of material fact as to whether the Hispanic plaintiffs can satisfy the third factor in the three-pronged test set forth in *Thornburg v. Gingles*, 478 U.S. 30, 106 S.Ct. 2752, 92 L.Ed.2d 25 (1986). The factual issue in question involves whether Hispanics are indeed an electoral minority that can be blocked from electing their preferred representatives. The defendants have shown that the most recent census data indicates that Hispanics in Dade County form 50.5% of the voting age population. On the other hand, the plaintiffs have submitted that many Hispanics in Dade County are immigrants and refugees who, although of voting age, may not yet be eligible to register to vote. The "submergence" issue in this third *Gingles* factor cannot be decided as a matter of law where there is a factual issue involving the voting strength of Dade County Hispanics.

The existence of this factual issue is brought out by the Eleventh Circuit's opinion in *Meek v. Metropolitan Dade County*, 908 F.2d 1540 (11th Cir.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 1108, 113 L.Ed.2d 217 (1991). Because there was no evidence of the "relative numbers of voting age persons in the various voting blocs," the Eleventh Circuit determined that Judge Ryskamp had erred in reaching his critical conclusion that Hispanics could become the largest segment of Dade registered voters. *Id.* at 1546. While the Court of Appeals was concerned with the percentage of Hispanics of voting age, the composition of Dade County's Hispanic population, which includes recent immigrants and political refugees, suggests that the ages of Hispanics cannot be the sole determinative factor in measuring voting strength in Dade County. In fact, the Eleventh Circuit's opinion suggests that it is *available* voting strength that should be evaluated. *See id.* Hispanics who are ineligible to vote through no fault of their own, whether they are ineligible due to their age or

due to their status as recent immigrants and refugees, should not be deemed to have political voting strength if they are prevented from obtaining and exercising electoral power. *See Zimmer v. McKeithen,* 485 F.2d 1297, 1303 (5th Cir.1973) ("[A]ccess to the political process and not population [is] the barometer of dilution of minority voting strength."), *aff'd sub nom. East Carroll Parish School Board v. Marshall,* 424 U.S. 636, 96 S.Ct. 1083, 47 L.Ed.2d 296 (1976).

Where Hispanics have become a bare majority of the voting age population—achieving that majority status by just 0.5%—there remains a material issue of fact as to whether the number of Hispanics who cannot yet register to vote will cause this Hispanic "majority" to be "politically submerged" as a minority of those who are either enfranchised or capable of becoming enfranchised. This is illustrated by the reality that Dade County Hispanics who have moved to the United States within the last five years, even if they are of voting age, cannot normally have obtained the right to vote. *See, e.g.,* 8 U.S.C. § 1427(a) (imposing a five year residence period before persons can be naturalized). Given this factual issue as to Hispanic voting strength, this court finds that summary judgment cannot be entered for any party as a matter of law.

## SUMMARY JUDGMENT (BLACKS)

■ In addressing the cross motions for summary judgment as they relate to the claims of the Black plaintiffs, the court similarly finds that there is a genuine issue of material fact as to whether the Black plaintiffs can satisfy the third factor in the three-pronged test set forth in *Gingles.* The factual issue in question involves whether Blacks possess the ability to elect their preferred representatives to the Dade County Board of Commissioners.

The plaintiffs have advanced a number of factual arguments indicating that those Black Commissioners who have served as the representatives of District 3 were not the preferred candidates of the Black community. Similarly, they have pointed out

losses that have been sustained by Blacks who were or had become the preferred candidates of the Black community, at least relative to the candidates who won the contested elections. On the other hand, the defendants point out that there has been continuous Black representation on the Commission for over twenty years. Furthermore, there is evidence indicating that some of these Black Commissioners enjoyed at least some relative popularity with the Black electorate.

Given these unresolved conflicting factual issues involving the ability of Blacks to elect their preferred representatives, this court finds that summary judgment cannot be entered for any party as a matter of law. *See Meek,* 908 F.2d at 1548 (recognizing that even where a minority candidate has long enjoyed electoral success, the determination of whether the minority group has been able to elect its preferred candidate is an issue requiring a factual appraisal).

## CLASS CERTIFICATION

The matter of class certification is brought before this court upon defendant Metropolitan Dade County's withdrawal of its opposition to plaintiffs' motion to certify a class. Plaintiff Betty Ferguson has moved to strike the withdrawal.

Plaintiffs moved for class certification on December 11, 1986, nearly five years ago. At that time, defendant Dade County opposed the motion. There is some confusion as to whether defendant Dade County received notice of the court's order regarding class certification, but court records indicate that Judge Ryskamp entered an order denying class certification on October 7, 1987. *See* Docket Entry # 49. Therefore, the issue of class certification is moot. Defendant Dade County's withdrawal of its opposition does not change the mootness of the question. This court hereby declares that the question is moot, and thus, there is nothing for this court to rule on.

## CONCLUSION

Upon reviewing the record in this case, the motions, memorandums, and various submissions of the parties, it is the conclu-

sion of this court that genuine issues of material fact remain as to the third prong of the *Gingles* test. Accordingly, after careful consideration of this matter, this court

ORDERS and ADJUDGES that the plaintiffs' motions for final summary judgment are hereby DENIED. The court further

ORDERS and ADJUDGES that the defendants' cross motion for summary final judgment is hereby DENIED. Finally, the court

ORDERS and ADJUDGES that consideration of the issue of class certification is hereby DENIED AS MOOT.

DONE and ORDERED.